GERSTEN, Judge,
dissenting.
I respectfully dissent. I think the trial court was correct in ruling that appellee Julson, Inc. (Julson), was a “laborer” and thus, exempt from the notice requirements of section 713.06(2)(a), Florida Statutes (1989) of the Mechanics’ Lien Law.
As the majority points out, section 713.-01(9), Florida Statutes (1989), defines a “laborer” as:
[A]ny person other than an architect, landscape architect, engineer, land surveyor, and the like who, under properly authorized contract, personally performs on the site of the improvement labor or services for improving real property and does not furnish materials or labor service of others.
The undisputed testimony was that Julson personally performed “on the site of the improvement labor ... for improving real property ... [and did] not furnish materials or the labor service of others.” Clearly, appellee is a “laborer.” § 713.01(9), Fla. Stat. (1989).
Since Julson meets the definition of a “laborer” under the statute, we should turn to the central issue on appeal of whether Julson, a corporation, can be considered a laborer even though Julson is *638 not a human being. The term “person” encompasses individuals and entities, as it is used in the definition section of the Mechanics’ Lien Law. See, e.g., Sprinkler Fitters and Apprentices Local Union No. 821, U.A. v. F.I.T.R. Service Corporation, 461 So.2d 144 (Fla. 3d DCA 1984), review denied, 472 So.2d 1182 (Fla.1985).
If we adopt the majority’s reasoning that “persons” refers solely to human beings, we would find the Mechanics’ Lien Law in chaos. It would mean that contractors, laborers, materialmen, owners, subcontractors, and sub-subcontractors who are entities, would not be protected under the Mechanics’ Lien Law, because each of the definitions for these terms refers to them as “a person” or “any person.” § 713.01(2), (9), (11), (12), (16), (17), Fla.Stat. (1989). This result would lead to an unreasonable conclusion. “[Wjhere a literal interpretation of the statute would lead to an unreasonable conclusion or purpose not designated by the legislature, it is the court’s duty to interpret the statute in accordance with the clear purpose and intent of the legislature.” Bauer v. Reese, 161 So.2d 678, 680 (Fla. 1st DCA 1964).
Moreover, the Florida Supreme Court has recognized that the term “persons” in legislative enactments, doesn’t necessarily refer solely to human beings. Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla.1978) (ruling the term “persons” in the Uniform Contribution Among Tortfeasors Act includes municipal corporations).
I would affirm the final summary judgment foreclosing the mechanics’ lien in favor of Julson.